UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

ALLAN MOORE,

                    Plaintiff,

    v.

OLIVER, et al.,

                   Defendants.

Case No. 2:24-cv-01570-GMN-NJK

ORDER

Plaintiff Allan Moore brings this civil-rights action under 42 U.S.C. § 1983 to redress constitutional violations that he claims he suffered while incarcerated at Southern Desert Correctional Center. (ECF No. 1-1.)  On January 10, 2025, this Court ordered Moore to update his address by February 10, 2025. (ECF No. 3.)  That deadline expired without an updated address from Moore.

I.    **DISCUSSION**

District courts have the inherent power to control their dockets and "[i]n the exercise of that power, they may impose sanctions including, where appropriate . . . dismissal" of a case. *Thompson v. Hous. Auth. of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986).  A court may dismiss an action based on a party's failure to obey a court order or comply with local rules. *See Carey v. King*, 856 F.2d 1439, 1440-41 (9th Cir. 1988) (affirming dismissal for failure to comply with local rule requiring *pro se* plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir. 1987) (dismissal for failure to comply with court order).  In determining whether to dismiss an action on one of these grounds, the Court must consider: (1) the public's interest in expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of

1    cases on their merits; and (5) the availability of less drastic alternatives. *See In re*

2    *Phenylpropanolamine Prod. Liab. Litig.*, 460 F.3d 1217, 1226 (9th Cir. 2006) (quoting

3    *Malone v. U.S. Postal Serv.*, 833 F.2d 128, 130 (9th Cir. 1987)).

4        The first two factors, the public's interest in expeditiously resolving this litigation

5    and the Court's interest in managing its docket, weigh in favor of dismissal of Moore's

6    claims.  The third factor, risk of prejudice to defendants, also weighs in favor of dismissal

7    because a presumption of injury arises from the occurrence of unreasonable delay in filing

8    a pleading ordered by the court or prosecuting an action. *See Anderson v. Air West*, 542

9    F.2d 522, 524 (9th Cir. 1976).  The fourth factor—the public policy favoring disposition of

10   cases on their merits—is greatly outweighed by the factors favoring dismissal.

11       The fifth factor requires the Court to consider whether less drastic alternatives can

12   be used to correct the party's failure that brought about the Court's need to consider

13   dismissal. *See Yourish v. Cal. Amplifier*, 191 F.3d 983, 992 (9th Cir. 1999) (explaining

14   that considering less drastic alternatives *before* the party has disobeyed a court order

15   does not satisfy this factor); *accord Pagtalunan v. Galaza*, 291 F.3d 639, 643 & n.4 (9th

16   Cir. 2002) (explaining that "the persuasive force of" earlier Ninth Circuit cases that

17   "implicitly accepted pursuit of less drastic alternatives prior to disobedience of the court's

18   order as satisfying this element[,]" *i.e.*, like the "initial granting of leave to amend coupled

19   with the warning of dismissal for failure to comply[,]" have been "eroded" by *Yourish*).

20   Courts "need not exhaust every sanction short of dismissal before finally dismissing a

21   case, but must explore possible and meaningful alternatives." *Henderson v. Duncan*, 779

22   F.2d 1421, 1424 (9th Cir. 1986).

23       Because this action cannot realistically proceed without the ability for the Court

24   and the defendants to send Moore case-related documents, filings, and orders, the only

25   alternative to dismissal is to enter a second order setting another deadline for Moore to

26   file his updated address.  But without an updated address, the likelihood that the second

27   order would even reach Massey is low, so issuing a second order will only delay the

28   inevitable and further squander the court's finite resources.  Setting another deadline is

not a meaningful alternative given these circumstances.  So the fifth factor favors dismissal.

**II.    CONCLUSION**

Having thoroughly considered these dismissal factors, the Court finds that they weigh in favor of dismissal.  It is therefore ordered that this action is dismissed without prejudice based on Moore's failure to file an updated address in compliance with this Court's January 10, 2025, order.  The Clerk of Court is kindly requested to enter judgment accordingly and close this case.  No other documents may be filed in this now-closed case.  If Moore wishes to pursue his claims, he must file a complaint in a new case.

Moore's application to proceed *in forma pauperis* for inmates (ECF No. 1) is DENIED as moot.

DATED THIS __19__ day of February 2025.

_____
Gloria M. Navarro, Judge
United States District Court